NOT FOR PUBLICATION                                             (Doc. No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | : | Civil No. 16-8926 (RBK/JS) |
| Plaintiff, | : | **Opinion** |
| v. | : | |
| Constance SAAFIR, et al., | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Bayview Loan Servicing, LLC's ("Plaintiff") Complaint against Defendants Constance Saafir, Mr. Saafir, the New Jersey Housing and Mortgage Finance Agency, and Midland Funding LLC ("Defendants") in a mortgage foreclosure action. Currently before the Court is Plaintiff's Motion to Remand to the Superior Court of New Jersey, Burlington County, Chancery Division (Doc. No. 7). For the reasons expressed below, Plaintiff's Motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff filed a Complaint in a foreclosure action in the Superior Court of New Jersey, Burlington County, Chancery Division on July 9, 2015. Notice of Removal Ex. A. Defendant subsequently brought a Notice of Removal in the United States District Court for the District of New Jersey, Camden Vicinage on November 30, 2016 (Doc. No. 1). The Notice alleges that this Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692i, and 28 U.S.C. § 1391, and additionally asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

The Notice does not indicate when Defendant was served with the initial pleading or whether the other defendants named in the case join or consent to removal. On October 28, 2016, Plaintiff filed a Motion to Remand that is presently before this Court (Doc. No. 7).

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See id.* at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

## III.    DISCUSSION

A defendant seeking to remove a case from state court must file a notice of removal within thirty days of receiving service of the initial pleading. 28 U.S.C. § 1446(b)(1). Defendant here does not state when he was served with the Complaint and so fails to meet his burden of demonstrating that the Notice was timely. Additionally, in matters involving multiple defendants, "all defendants who have been properly joined or served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The failure of all defendants to join or consent to a removal petition "is a 'defect in removal procedure' within the meaning of Section 1447(c)" and a basis for remand. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). There are

only three exceptions to the requirement for unanimity that are recognized in this Circuit.[1] *Id.* at 213 n.4. In the instant matter, Defendant's notice of removal contains no indication that the other defendants joined or consented to removal, or that any of the exceptions apply. For this additional reason, Defendant's Notice of Removal is deficient.

Furthermore, this Court lacks original jurisdiction over the case. Under 28 U.S.C. § 1441(a), a defendant can only remove a state court action if the district courts would have original jurisdiction. A federal court has federal question jurisdiction where a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Defendant brings removal under 28 U.S.C. § 1331,[2] alleging that "[t]his court has exclusive jurisdiction over federal debt collection actions." Notice of Removal. The state action being removed, however, is one for foreclosure and does not involve any claims that arise under the laws of the United States. As such, this Court thus does not have original jurisdiction, and removal is improper.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case shall be remanded to the New Jersey Superior Court, Burlington County, Chancery Division.


Dated:    1/25/2017                                         s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United State District Judge

---

[1] The rule of unanimity does not apply where: "(1) a nonjoining defendant is an unknown or nominal party . . . (2) where a defendant has been fraudulently joined," or (3) "when a non-resident defendant has not been served at the time the removing defendants filed their petition." *Balazik*, 44 F.3d at 213 n.4.

[2] The Notice of Removal also invokes 15 U.S.C. § 1692i and 28 U.S.C. § 1391, but this Court does not further discuss either provision because they do not concern removal.